1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

7

| | |
|---|---|
| NAIRA OGANESSOVA, a married woman, | Case No.: |
| Plaintiff, | COMPLAINT |
| vs. | |
| MUTUAL OF OMAHA LIFE INSURANCE COMPANY a/k/a MUTUAL OF OMAHA INSURANCE COMPANY, a foreign corporation, | **JURY DEMAND** |
| Defendant. | |

8
9
10
11
12
13
14

TO THE DEFENDANT:

15

The Plaintiff, by and through her attorneys, NELSON LANGER ENGLE, PLLC, based

16

upon information and belief alleges the following:

17

I.      **PARTIES, JURISDICTION, AND VENUE**

18

1.1.    The Plaintiff, Naira Oganessova, is a resident of King County, Washington, and

19

at all times relevant a participant in several disability policies offered by MUTUAL OF

20

OMAHA LIFE INSURANCE COMPANY a/k/a MUTUAL OF OMAHA INSURANCE

21

COMPANY.

22

1.2.    The Defendant, MUTUAL OF OMAHA LIFE INSURANCE COMPANY a/k/a

23

MUTUAL OF OMAHA INSURANCE COMPANY, (hereinafter "MUTUAL") is a foreign

COMPLAINT– Page 1
File Number: 202968

LAW OFFICES OF
NELSON LANGER ENGLE, PLLC
1015 N.E. 113th Street
Seattle, Washington  98125
206/623-7520

1   corporation, doing business in the State of Washington, with its principal place of business in

2   the State of Nebraska.

3       1.3.    The matter in controversy, exclusive of interest and costs, exceeds the sum of

4   Seventy-Five Thousand Dollars ($75,000.00); as such, this Court has diversity jurisdiction over

5   this matter pursuant to 28 U.S.C. § 1332.

6       1.4.    Venue is proper in this district under 28 U.S.C. § 1391 as Plaintiff is a resident

7   of King County, Washington, a substantial part of the events or omissions giving rise to

8   Plaintiff's claims occurred in this district, and MUTUAL does business in this district.

9                          **II.   FACTUAL ALLEGATIONS**

10      2.1.    In June of 2010, while walking in her bedroom at night, Plaintiff Naira

11  Oganessova tripped and fell and struck her head on the side of her bed and the floor.

12      2.2.    After her fall, Plaintiff began suffering dizziness, vertigo, nausea, and other

13  disabling symptoms due to her fall.  Plaintiff was ultimately diagnosed with post-concussive

14  disorder.

15      2.3.    At the time of her fall, Plaintiff was a Teacher and Interpreter providing Home

16  Health Aide Courses, and she was insured under three disability policies issued by Defendant.

17  Plaintiff was insured under Policy No. D81DN3G-630470-99MC, Policy No. D81DN4G-

18  894846-99M, and Policy No. D83A4G-894845-99M.

19      2.4.    Due to the disabling symptoms from her fall, Plaintiff was forced to reduce her

20  hours from full-time work to part-time; as such, Plaintiff submitted an application for disability

21  benefits to Defendant on August 31, 2010.

22      2.5.    On November 11, 2010, Defendant acknowledged Plaintiff's application for

23  disability benefits and stated that it was in the process of reviewing her claim.

COMPLAINT– Page 2
File Number: 202968

LAW OFFICES OF
NELSON  LANGER  ENGLE, PLLC
1015 N.E. 113th Street
Seattle, Washington  98125
206/623-7520

1        2.6.    On December 30, 2010, Defendant requested additional information from

2  Plaintiff.

3        2.7.    On January 17, 2011, Defendant requested additional earnings information from

4  Plaintiff.

5        2.8.    On March 7, 2011, Defendant denied Plaintiff's claims for disability benefits

6  under policies D81DN3G-630470-99MC and D81DN4G-894846-99M stating that Plaintiff's

7  policies have elimination riders for Disease and Disorder of the Ear and Disease and Disorder

8  of the Esophagus.

9        2.9.    On April 13, 2011, Plaintiff appealed Defendant's denial of her disability

10  benefits.

11        2.10.   Defendant, on May 16, 2011, after appeal review, again denied Plaintiff's claims

12  for disability benefits, based on the same assertion of an elimination rider.

13        2.11    On August 11, 2011, Plaintiff requested a full and complete copy of her claim

14  from Defendant.

15        2.12.   On August 18, 2011, Defendant responded and stated that it was not required to

16  produce a complete copy of Plaintiff's claim file.

17        2.13.   On October 24, 2011, Plaintiff repeated her request for a full and complete copy

18  of her claim file.

19        2.14.   On November 14, 2011, Defendant reversed its decision and produced what it

20  claimed was Plaintiff's "entire claim file."

21        2.15.   On September 17, 2012, Plaintiff sent medical records and neuropsychological

22  testing establishing Plaintiff's disability to Defendant.

23

COMPLAINT– Page 3
File Number: 202968

LAW OFFICES OF
NELSON LANGER ENGLE, PLLC
1015 N.E. 113th Street
Seattle, Washington  98125
206/623-7520

2.16.   On October 30, 2012, Defendant informed Plaintiff that it was reviewing her claim for benefits.

2.17.   On November 21, 2012, Defendant informed Plaintiff that it was still reviewing her claims for benefits.

2.18.   On December 3, 2012, Plaintiff submitted additional evidence in support of her disability claims.

2.19.   On February 7, 2013, Plaintiff submitted her final appeal documents to Defendant in support of her disability claims.

2.20.   On March 11, 2013, Defendant informed Plaintiff that it contacting an "outside source" to conduct a peer review of Plaintiff's claims.

2.21.   On May 10, 2013, Plaintiff sent Defendant correspondence indicating that it had been two months since Defendant's letter of March 11, 2013, which had noted that Defendant was reviewing her claims. Plaintiff's correspondence noted that it had been over three months since Plaintiff submitted her final appeal documents and Defendant had yet to make a determination on Plaintiff's claims.

2.22.   On May 24, 2013, Defendant stated that Plaintiff's claims had been sent out for a neuro-otology review and that it was expected that this review would be completed by approximately May 31, 2013.

2.23.   Prior to suit, by letter dated June 12, 2013, Plaintiff provided Defendant with her contentions regarding Defendant's violation of the Insurance Fair Conduct Act ("IFCA"), RCW 48.30.010 and RCW 48.30.015.  Notice is required by IFCA and was sent by registered mail, return receipt requested to Defendant, as to well as the Office of Insurance Commissioner as required by statute.

COMPLAINT– Page 4
File Number: 202968

LAW OFFICES OF
NELSON  LANGER  ENGLE, PLLC
1015 N.E. 113th Street
Seattle, Washington  98125
206/623-7520

2.24.   More than twenty days have now elapsed and Defendant has failed to resolve the basis of this action within the twenty day written IFCA notice provided by Plaintiff.

2.25.   Defendant, on July 15, 2013, again denied Plaintiff's claims for disability benefits.

2.26.   Defendant conducts its claim review process in a manner that results in the denial of valid claims.

2.27.   Plaintiff presented the Defendant with objective medical proof of her disability, supported by her treating and examining physicians, and without ever examining the Plaintiff, Defendant refused to consider the same.

2.28.   Plaintiff has sustained severe economic and emotional damages as a result of Defendant's actions.

## I.   FIRST CLAIM – BREACH OF CONTRACTS

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges the following:

3.1   Defendant's disability policies, referenced above, provide disability benefits to Plaintiff and Defendant received appropriate consideration for the same.

3.2   Defendant has breached the contracts by failing to abide by the terms of the disability policies.

3.3   Defendant's breach of these contracts has caused the Plaintiff to sustain damages.

## II.   SECOND CLAIM – BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges the following:

COMPLAINT– Page 5
File Number: 202968

4.1     Defendant had a duty to deal with Plaintiff in good faith.

4.2     At all relevant times herein, Defendant's original termination of benefits under Plaintiff policies and subsequent refusals to rescind those terminations were unreasonable and without adequate justification and therefore constitute the tort of a breach of the implied covenant of fair dealing in insurance contracts.

4.3     Defendant's conduct and actions related to Plaintiff's claim for benefits breached the covenant of good faith and fair dealing in several other respects, including, but not limited to the following:

- Terminating benefits and failing to reinstate benefits on appeal without a full, fair, and objective investigation of Plaintiff's condition.

- Failure to give proper weight during the appeal process to the opinions of treating and examining physicians who certified that Plaintiff was totally disabled from any occupation.

4.4     During the investigation and evaluation of Plaintiff's claims, Defendant failed to give Plaintiff's interests at least as much consideration as its own interests.

4.5     Defendant's breach of the covenant of fair dealing in insurance contracts constitutes a repudiation of its obligations under the contracts.

4.6     As a result of the wrongful actions of Defendant, Plaintiff has not been paid all of the benefits to which Plaintiff is entitled under her policies, as well as all benefits which would have been due in the future.  Plaintiff has also suffered extra-contractual damages such as mental anguish, emotional distress, attorney fees, court costs, and foreseeable economic losses as a consequence of Defendant's actions.

4.7     The Defendant acted with malice, moral turpitude, wantonness, willfulness or reckless indifference to the rights of others.   Defendant and its employees had actual knowledge of the wrongfulness of the conduct and the high probability that injury or damage to

COMPLAINT– Page 6
File Number: 202968

the claimant would result, and despite that knowledge, intentionally pursued the course of conduct that resulted in the injury and damage to Plaintiff.

### III.      THIRD CLAIM – VIOLATION OF THE WASHINGTON INSURANCE FAIR CONDUCT ACT

Plaintiff readopts and realleges all of the foregoing and, in addition, alleges the following:

5.1     Defendant has unreasonably denied Plaintiff's claim for payment of disability benefits under her disability policies and unreasonably upheld those decisions on appeal and she is therefore entitled to recover the actual damages sustained, as well as the cost of this action, including reasonable attorney fees, expert witness fees, and actual and statutory litigation costs, RCW §48.30.015(3).

5.2     Defendant has unreasonably terminated Plaintiff's disability benefits and unreasonably denied her appeal of those decisions and therefore violated RCW 48.30.015(5). Plaintiff is therefore entitled to an award of up to three times her actual damages as set forth in RCW 48.30.015(2).

### IV.      JURY DEMAND

Pursuant to FRCP 38(b) and the Seventh Amendment to the United States Constitution, Plaintiff demands a trial by jury of all issues so triable under the law.

### V.      PRAYER FOR RELIEF

6.1     WHEREFORE, the Plaintiff prays for a judgment against the Defendant in an amount that compensates Plaintiff for damages sustained, as follows, to the extent that they are not duplicative:

A)      All damages shown at trial which proximately flow from Defendant's breach of Plaintiff's contracts, as set forth above;

COMPLAINT– Page 7
File Number: 202968

LAW OFFICES OF
NELSON LANGER ENGLE, PLLC
1015 N.E. 113th Street
Seattle, Washington  98125
206/623-7520

B)   All damages shown at trial for Defendant's bad faith dealings with its insured;

C)   All damages shown at trial for Defendant's violation of Washington's Insurance Fair Conduct Act, including an award up to three times the actual damages as allowed in RCW 48.30.015;

D)   For declaratory judgment forcing Defendant to honor its continuing obligation owed Plaintiff on her disability policies;

E)   For Plaintiff's costs and disbursements incurred by bringing these causes of action, to include reasonable attorney's fees, along with pre-judgment interest and any other relief permitted by law, which the Court deems just and equitable.

DATED this 14th day of August, 2013.

NELSON LANGER ENGLE, PLLC

/s/ Aaron I. Engle
Aaron I. Engle, WSBA #37955
1015 N.E. 113th Street
Seattle, WA 98125
Telephone:  (206) 623-7520
Facsimile:  (206) 622-7068
englea@nlelaw.com
Attorneys for Plaintiff

COMPLAINT– Page 8
File Number: 202968

LAW OFFICES OF
NELSON LANGER ENGLE, PLLC
1015 N.E. 113th Street
Seattle, Washington  98125
206/623-7520